USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12-18-15

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|   |   |
|---|---|
| CAROLINE N. WILLIAMS, | : |
|  | : |
| Plaintiff, | : |
|  | : |
| - against - | : |
|  | : |
| CAROLYN W. COLVIN, | : |
| Acting Commissioner of Social Security, | : |
|  | : |
| Defendant. | : |

**ORDER AND OPINION**

**13-CV-5431 (RLE)**

**RONALD L. ELLIS, UNITED STATES MAGISTRATE JUDGE:**

On March 16, 2014, the undersigned granted Plaintiff Caroline Williams' ("Williams")

motion for judgment on the pleadings and remanded the case to the Commissioner, pursuant to

42 U.S.C. § 405(g). (Doc. No. 24.) On May 11, 2015, Williams filed a Motion for Attorneys'

Fees, pursuant to the Equal Justice Act ("EAJA"), 28 U.S.C. § 2412, seeking a total amount of

$7,402.22 in fees and $19.24 in costs. (Doc. No. 26.) The Commissioner of Social Security

("Commissioner") opposes the award. (Doc. No. 27.) For the reasons that follow, Williams'

motion is **GRANTED** in part.

Under the EAJA, a prevailing party in a civil action against the United States, including

proceedings for judicial review of an agency action, may be entitled to legal fees and other

expenses incurred. 28 U.S.C. § 2412(d)(1)(A). The Court must consider whether: (1) the

claimant is a "prevailing party"; (2) the government's position was "substantially justified"; (3)

any "special circumstances make an award unjust"; and (4) the fee application was submitted

within thirty days of final judgment in the action. *Kerin v. U.S. Postal Serv.*, 218 F.3d 185, 189

(2d Cir. 2000) (citing 28 U.S.C. § 2412(d)). The fee application must be accompanied by an

itemized statement from the party's attorney "stating the actual time expended and the rate at

which fees and other expenses were computed." 28 U.S.C. § 2412(d)(1)(B). In the Second

Circuit, an application for fees must be accompanied by contemporaneous time records. *N.Y.*

*State Ass 'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1148 (2d Cir. 1983) ("The

records should specify, for each attorney, the date, the hours expended, and the nature of the

work done.").

The Commissioner's sole objection to Williams' EAJA application is that Williams'

attorney, Howard Olinsky ("Olinsky"), "failed to demonstrate that he maintained

contemporaneous time keeping records of the time he expended in this case." (Doc. No. 28 at 1.)

In his fee application, Olinsky writes that "the attached records were created and stored in the

firm[']s Prevail Database[.]" (Doc. No. 27 at 2.) In a subsequent declaration, he clarifies that

after the Commissioner's counsel in another case made him aware of deficiencies in his

recordkeeping practices, he contacted his vendor and was trained on how to contemporaneously

track his and his employees' time. (Doc. No. 29.) He alleges that his firm has been keeping

contemporaneous time records since August 28, 2014, the day after the Prevail vendor "walked

[him] through how to turn on the ledger tab, the tab that allows for stopwatch time keeping or

direct after the fact timekeeping." (*Id.*)

Olinsky's recordkeeping practices have apparently been challenged in several recent

cases in this district. *See, e.g. Kottwitz v. Commissioner of Social Security*, No. 14 Civ. 2677

(PGG) (SN), 2015 U.S. Dist. LEXIS 9377 at *9 (S.D.N.Y. Jan. 16, 2015) (denying plaintiff's

request for attorneys' fees after Olinsky conceded that his firm did not maintain

contemporaneous time records). In later cases, courts in this District were satisfied that Olinsky's

record keeping met the requirements of *Carey* after he submitted declarations that indicated the

exact date that he began keeping contemporaneous records. *Stroud v. Comm'r of SSA*, No. 13

Civ. 3251 (AT) (JCF), 2015 U.S. Dist. LEXIS 59416 at *4 (S.D.N.Y. May 6, 2015) (holding that

hours billed by Olinsky's firm after August 28, 2014 were compensable); *Sayles v. Colvin*, 13

Civ. 6129 (RJS), 2015 U.S. Dist. LEXIS 151280 at *6 (following the Court's finding in *Stroud*).

The Court follows these previous decisions in the District and finds that fees incurred after

August 28, 2014, are compensable in this case.

Since August 28, 2014, Olinsky has incurred 2.2 hours of attorney time at a rate of

$195.60 and 3.7 hours of paralegal time at a rate of $100 per hour, which are reasonable rates in

this District. (Doc. No. 27.) *See Sayles*, 2015 U.S. Dist. LEXIS 151280 at *6 (finding the same

rates reasonable).  He also incurred $19.24 in costs, which the Commissioner has not contested.

Accordingly, **IT IS HEREBY ORDERED THAT** Williams is granted fees in the

amount of $800.32 and costs in the amount of $19.24 for a total award of $819.56. The Clerk of

Court is directed to terminate the motion pending at docket entry 26.


**SO ORDERED this 18th day of December 2015**
**New York, New York**

**The Honorable Ronald L. Ellis**
**United States Magistrate Judge**

3